956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael W. RAMOS, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 91-3491.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1992.
 
 Before RICH and PLAGER, Circuit Judges, and COHN, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Michael W. Ramos appeals from the June 3, 1991 decision of the Merit Systems Protection Board (Board), Docket No. DE315H8910412, affirming as modified the December 5, 1989 Initial Decision of the Administrative Judge (AJ), which dismissed Ramos' appeal for lack of subject matter jurisdiction in the Board. We affirm.
 
 DISCUSSION
 
 2
 Our scope of review of Board decisions is governed by 5 USC 7703(c) under which we must affirm unless the Board decision is:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 The December 5, 1989, decision of the AJ found that Ramos had a one-year conditional appointment as a Heavy Mobile Equipment Machine Worker Trainee at the Tooele, Utah, Army Depot which he received on April 10, 1978, from which he resigned on December 12, 1978, after being informed that he was going to be terminated. The AJ noted that the Army had provided evidence of the probationary nature of Ramos' appointment, had informed Ramos that his appeal raised an issue of Board jurisdiction, and afforded him an opportunity to present evidence and argument of that issue. Ramos did not do so.
 
 
 7
 The AJ held, after noting that Ramos had resigned, that resignations from the Federal service are normally considered to be voluntary and for that reason not within the Board's jurisdiction. In response to Ramos' assertion that his resignation was coerced, the AJ held that Ramos had not raised a non-frivolous allegation of involuntariness in accordance with the test of Burgess v. Merit Systems Protection Board, 758 F.2d 641, 643 (Fed.Cir.1985). See Nies v. U.S. Postal Service, 32 M.S.P.R. 510, 512 (1987). Therefore Ramos was not in the position of one who had been subject to an adverse action--he had not been terminated.[1] Although the AJ dealt with many other points, this was a sufficient reason for his dismissal of the appeal on the ground that the Board was without jurisdiction to consider Ramos' appeal.
 
 
 8
 That was not the end of the Board action, however. Ramos requested the full Board to reopen and reconsider the initial decision of the AJ. Although the Board held that Ramos had not submitted written evidence or argument to show he had met one or more of the criteria of the relevant regulations pertaining to reopening the AJ's decision, namely, 5 CFR 772.310 and 772.312, and therefore denied Ramos' request, it reopened the case on its own initiative under 5 CFR 1201.117 in order to modify the AJ's opinion in respects not necessary to consider. The full Board still affirmed the dismissal of the appeal for lack of jurisdiction. In the course of the "ANALYSIS" in the Board's opinion it stated: "The appellant's contention that his resignation was involuntary lacks merit." In a footnote to that statement, the Board added: "The administrative judge properly notified the appellant, in accordance with Burgess, 758 F.2d at 643, of the showing that he was required to make in order to establish Board jurisdiction over his allegedly involuntary resignation." The Board opinion then continued: "The administrative judge correctly determined that the appellant failed to raise a non-frivolous issue of involuntariness. See Christie v. United States, 518 F.2d 584, 587-88 (Ct.Cl.1975) (the fact that an employee is faced with unpleasant alternative choices does not rebut the presumed voluntariness of the ultimate choice [resignation]." And before concluding its analysis, the Board opinion says once more that "the Board did not have subject matter jurisdiction over the appellant's appeal.... The appellant has shown no error in this determination." We have reviewed all of Ramos' submissions on appeal, the bulk of which are irrelevant, and we have to agree that he has shown no error. The burden was his. Since he resigned voluntarily, the Board is without jurisdiction and dismissal of the appeal was proper.
 
 
 
 *
 Honorable Avern L. Cohn, District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Because there was no "agency[ ] decision to terminate" Ramos, the provisions of 5 CFR 315.806 (1978) ("Appeal rights [of probationary employees] to the Commission") do not come into play here